380 P.2d 177

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Dudley McKINZIE, Defendant-Appellant.**

**No. 7065.**

Supreme Court of New Mexico.

March 28, 1963.

---

John W. Gurley, Albuquerque, for appellant.

Earl E. Hartley, Atty. Gen., Shirley C. Zabel, George R. Schmitt, Special Asst. Attys. Gen., Santa Fe, for appellee.

CARMODY, Justice.

Appellant was found guilty of the charge of indecent exposure before a female child under the age of eighteen, contrary to the provisions of § 40–34–21, N.M.S.A.1953, and prosecutes this appeal from such conviction.

There is no necessity in restating the facts of the case, inasmuch as appellant relies upon two claimed errors, both of which are based upon legal, as distinguished from factual, considerations.

Appellant first contends that the trial court erred in restricting the cross-examination of the prosecutrix and in prohibiting defense counsel from asking claimed impeachment questions of other witnesses as to statements made by the prosecutrix.

We have carefully examined the transcript, and it appears therefrom that the trial court did not restrict the examination of the prosecutrix herself. She was fully examined by counsel for the defendant and, although the answers to some questions were not as clear as counsel might have wished, nevertheless the scope of cross-examination was not limited. The questions asked of the prosecutrix were allowed by the trial court on the theory that they were an attack upon the witness's credibility. The inquiry might have been permissible for some other purpose, but in view of the fact that the questions related to specific acts of misconduct, the court was well within its exercise of sound discretion in permitting or limiting the extent of such questioning. State v. Cruz, 1930, 34 N.M. 507, 285 P. 500; State v. Shults, 1938, 43 N.M. 71, 85 P.2d 591; and State v. Holden, 1941, 45 N.M. 147, 113 P.2d 171.

The gist of appellant's point is actually that his attorney was not allowed to impeach the prosecutrix by questions to the other witnesses. Counsel was attempting, as we view the record, to show that the prosecutrix had committed indecent acts with one of her brothers, and counsel sought to elicit from the brother an admission as to this, together with testimony of another witness concerning the particulars. However, the prosecutrix herself had answered in the negative the questions propounded, and it is the rule that a witness may not be impeached regarding specific

acts of misconduct by the testimony of other witnesses, but only by cross-examination. State v. Perkins, 1915, 21 N.M. 135, 153 P. 258; State v. Parks, 1919, 25 N.M. 395, 183 P. 433; Mead v. O'Connor, 1959, 66 N.M. 170, 344 P.2d 478; 3 Wigmore on Evidence 372, § 878 (3d ed. 1940); and 4 Jones on Evidence 1737, § 926 (5th ed. 1958). It is also the rule in this state that the examiner is bound by the answers given by the witness. State v. Clevenger, 1921, 27 N.M. 466, 202 P. 687; State v. Butler, 1934, 38 N.M. 453, 34 P.2d 1100; Mead v. O'Connor, supra.

Appellant's second contention is that the court erred in failing to declare a mistrial. This was based upon the following circumstances: While the wife of the defendant was a witness, she testified that during the eighteen years of her marriage, the defendant's sexual morality had not been called into question by anyone. Immediately thereafter, she was asked the question, "Was Mr. McKinzie charged with second degree rape?" Counsel for the defendant immediately objected and the court ruled, "Sustained, the jury will disregard it." There is nothing else in the record with reference to this subject, and there was no request for mistrial on the part of the defendant (cf. State v. Fernandez, 1952, 56 N.M. 689, 248 P.2d 679). Counsel would attempt to show that this was a deliberate attempt on the part of the district attorney to prejudice the jury, because subsequently the district attorney stated to the court, with reference to the defendant's record, that "there were no convictions." It is to be noted that the question asked did not relate to convictions and, as we view it, had to do *only* with the character of the defendant, which he himself placed in issue by taking the stand.

We have held that there is a wide discretion in the trial court with respect to cross-examination on matters relating to the character of the defendant, when his character is placed in issue. See, State v. Hawkins, 1919, 25 N.M. 514, 184 P. 977; State v. Smith, 1950, 54 N.M. 170, 216 P.2d 921; State v. Brooks, 1955, 59 N.M. 130, 279 P.2d 1048; and see Michelson v. United States, 1948, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168. The courts, generally, are even more liberal in cases involving sexual crimes. See, State v. Linn, 1946, 179 Or. 499, 173 P.2d 305; State v. Carson, 239 S.W.2d 532 (Mo.App.1951).

The trial court might very properly have overruled the objection and allowed the witness to answer the question. State v. Hawkins, supra. Therefore, the claimed prejudice is unavailing to the appellant.

We have carefully examined the transcript of the testimony and are of the opinion that the evidence was sufficient to warrant the jury in finding the defendant

guilty as charged. See State v. Trujillo, 1956, 60 N.M. 277, 291 P.2d 315.

The error urged by the appellant is without merit and the case will be affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.