828 P.2d 958

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**William SCOTT, Defendant–Appellant.**

**No. 12097.**

Court of Appeals of New Mexico.

June 27, 1991.

Certiorari Quashed as Improvidently
Granted, Feb. 18, 1992.

Tom Udall, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

APODACA, Judge.

Defendant appeals his jury convictions under one count of criminal sexual contact of a minor (CSCM), in violation of NMSA 1978, Section 30–9–13(B) (Repl.Pamp.1984), and one count of criminal sexual penetration with great mental anguish, in violation of NMSA 1978, Section 30–9–11(A)(2) (Repl.Repl.1984). The facts forming the basis for the criminal charges involving the sexual penetration of defendant's granddaughter are discussed within our respective analysis of each issue. Defendant raises five issues on appeal: (1) the trial court erred in admitting evidence of prior sexual misconduct by defendant against the victim; (2) the trial court erred in restricting admission of evidence to show the victim's previous and allegedly false allegations of rape and sexual misconduct; (3) the trial court committed cumulative error with respect to issues one and two; (4) trial counsel's failure to call certain witnesses constituted ineffective assistance of counsel; and (5) Section 30–9–13(B) is unconstitutional for overbreadth. Other issues listed in the docketing statement but not briefed are deemed abandoned. *See State v. Aragon,* 109 N.M. 632, 788 P.2d 932 (Ct.App.1990). We are not persuaded by defendant's arguments with respect to all issues and thus affirm the convictions.

## EVIDENCE OF DEFENDANT'S PRIOR SEXUAL MISCONDUCT AGAINST VICTIM

■ Defendant claims that the trial court abused its discretion in admitting evidence of defendant's prior sexual misconduct against the victim. Generally, the determination of the relevance of evidence, and whether its probative value is substantially outweighed by its prejudicial effect,

is within the trial court's discretion. *See State v. Lopez,* 105 N.M. 538, 734 P.2d 778 (Ct.App.1986), *cert. denied,* 479 U.S. 1092, 107 S.Ct. 1305, 94 L.Ed.2d 160 (1987); *State v. Minns,* 80 N.M. 269, 454 P.2d 355 (Ct.App.1969). Absent a clear abuse of discretion, we will not disturb the trial court's ruling.

■ Defendant specifically argues that evidence of his past sexual misconduct against the victim was too remote for its probative value to outweigh its prejudicial impact. The state counters, however, that defendant did not argue "remoteness" at the pretrial hearing and otherwise failed to preserve it, thus precluding appellate review of this issue. At the pretrial hearing, the prosecutor argued for admission of the contested evidence and stated that "[t]he real question * * * is where to draw the line in terms of what is and what isn't remote * * *." In response, defendant contended that the testimony was too vague because there were no particulars as to time, place, and location, and too prejudi-. cial to have any probative value. We hold that defendant's objections adequately preserved the issue of remoteness, since they were made in response to the prosecutor's argument that the evidence was not too remote. *See State v. Shade,* 104 N.M. 710, 724, 726 P.2d 864, 878 (Ct.App.1986).

The trial court admitted the history of defendant's past sexual misconduct against the victim through her testimony. The victim testified that the molestation began in Arizona, where defendant began touching her breasts and vagina when she was six or seven years old. At age eight, the victim moved to Germany for three years with her mother and stepfather. There was no contact between the victim and defendant during that time. When the victim was eleven years old, the family moved to Hamilton, Texas, where defendant began to penetrate her for the first time. After a year, the victim and her family moved to Killeen, Texas. Defendant would visit and penetrate the victim whenever possible. Defendant and his wife then moved to Taos, New Mexico. When victim was thirteen years old, she moved to Taos to help care for her

grandmother, defendant's wife. In Taos, the victim was penetrated by defendant again. In March of 1988, the victim and her mother moved to Taos to live with defendant and his wife. Defendant continued to penetrate her and touch her breasts. In July of 1988, the victim, her mother, defendant and his wife, moved to Questa, New Mexico, where the criminal sexual penetration incidents alleged in the indictment occurred.

In *State v. Minns*, we addressed the issue of whether evidence of a defendant's past sexual misconduct against a complaining witness was admissible. The defendant in *Minns* was convicted of having indecently fondled a girl under the age of sixteen. Evidence was presented that the defendant, more than three years before the incident in question, had committed similar acts of sexual misconduct against the complaining witness. The defendant argued that the testimony was inadmissible because the alleged past acts were so remote in time so as to be deprived of relevancy. This court, however, permitted admission of the evidence of the past similar acts, basing its holding on the general rule that "[s]uch evidence, if not too remote, is admissible as showing a lewd and lascivious disposition of defendant toward the prosecuting witness and as corroborating evidence." *Id.* at 272, 454 P.2d at 358.

■ In this appeal, evidence of defendant's past sexual misconduct dated back ten years. Consequently, defendant argues that the facts of this appeal are distinguishable from *Minns*, in which the past acts dated back only three years. We are not persuaded, however, that a time span of ten years necessarily makes admission of the past acts too remote to be probative. Instead, we find ample case law to support the admission of such evidence. *See Whiteman v. State*, 343 So.2d 1340 (Fla. Dist.Ct.App.1977) (evidence introduced that defendant had intercourse with complaining witness eight years previous to charged crime); *Staggers v. State*, 120 Ga.App. 875, 172 S.E.2d 462 (1969) (testimony of victim's sister regarding defendant's past sexual misconduct twelve years previous to inci-

dent at issue relevant to show defendant's plan to use his daughters to satisfy his lust); *State v. Maestas*, 224 N.W.2d 248 (Iowa 1974) (victim's older sister permitted to testify regarding defendant's alleged prior sexual misconduct that took place ten years prior to incident at issue).

■ Time is but one factor to consider when determining the issue of whether evidence is too remote. For example, in *Minns*, we considered not only the proximity of the past incidents in relation to the occurrences at issue, but also the number of incidents that had taken place and the nature of such incidents. Thus, the question of remoteness is not dictated solely by the mere lapse of time. The question of remoteness necessarily depends on a number of considerations. *See United States v. Smith*, 432 F.2d 1109 (7th Cir.1970), *cert. denied*, 401 U.S. 911, 91 S.Ct. 875, 27 L.Ed.2d 810 (1971); *State v. Huntington*, 248 Iowa 430, 80 N.W.2d 744 (1957). The trial court's admission of the testimony at issue was buttressed by the similarity of the past incidents to that of the charged occurrences. *See Whiteman v. State*. Remoteness, however, in the context of this case, goes to the weight, not the admissibility, of the evidence. *See Austin v. State*, 262 Ind. 529, 319 N.E.2d 130, *cert. denied*, 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680 (1975).

We conclude that the trial court could have properly found that the probative value of evidence of defendant's past sexual misconduct was not substantially outweighed by the danger of unfair prejudice. *See* SCRA 1986, 11–403. Evidence of defendant's past sexual misconduct, similar in nature to the crime of which defendant was indicted, is illustrative of a lewd and lascivious disposition of defendant toward the victim. *See State v. Minns*. Based on *Minns*, we uphold the trial court's admission of this evidence and conclude that the trial court did not abuse its discretion.

■ Defendant also contends that the pre-Germany evidence of sexual misconduct should not have been admitted for two reasons. Defendant first argues that the evidence of alleged prior sexual misconduct

was not sufficiently similar to that which occurred after the victim returned from Germany. We disagree. Although the pre-Germany conduct did not involve penetration, it did involve impermissible sexual contact against a minor. Consequently, the pre-Germany offenses were not of such a different nature so as to eliminate any logical connection with the post-Germany contacts. *See State v. Thorne*, 43 Wash.2d 47, 260 P.2d 331 (1953) (in the trial of cases involving intercourse between the sexes, it is permissible to show prior acts of a defendant's sexual misconduct against the complaining witness).

■ Defendant next argues that the pre-Germany conduct was not properly admitted because the three-year stay in Germany constituted a substantial break between the first alleged contact and the later acts. The three-year period, however, was beyond defendant's control and he resumed his pattern of abuse when circumstances again allowed it. We are unconvinced that the three-year break did not comport with the continuing nature of defendant's sexual misconduct against the victim.

■ Lastly, defendant argues that the trial court's "blanket ruling" admitting all prior sexual contact between defendant and the victim was error because the trial court failed to consider the incidents separately and make independent rulings on each incident. The record reflects, however, that the trial court heard evidence on each alleged incident of past sexual misconduct at the pre-trial hearings. Additionally, defendant never requested that the trial court make an independent ruling for each alleged incident on an individual basis. Thus, defendant cannot properly raise this issue for the first time on appeal. *See State v. Smith*, 88 N.M. 541, 543 P.2d 834 (Ct.App.1975).

## PRIOR ALLEGATIONS BY VICTIM OF RAPE AND SEXUAL MISCONDUCT

Defendant argues that the trial court erred in denying defendant's request to call the victim's stepfather and defendant's wife to testify about the victim's prior allegations of sexual misconduct against the stepfather. Through the testimony of the stepfather and defendant's wife, defendant intended to introduce evidence that the victim had previously falsely accused the stepfather of sexual misconduct.

This issue was considered in two pre-trial hearings and one hearing during trial, where defendant presented evidence that the victim had previously made false allegations of sexual misconduct against other individuals. Defendant contended that such allegations were admissible for the purpose of impeaching the victim, by attacking her credibility. The trial court agreed, but permitted limited cross-examination regarding only information substantiated by available written reports. The trial court reasoned that permitting defendant's proposed witnesses to testify would essentially result in a dispute whether the other alleged incidents actually occurred. On this basis, defendant was only permitted to cross-examine and impeach the victim using the available reports concerning the prior allegations. Extrinsic evidence through other witnesses was not permitted by the trial court. The victim admitted on cross-examination that she had accused her grandmother and her boyfriend of rape. She denied having made an accusation against her stepfather. Defendant contends he should have been permitted to call defendant's wife and the victim's stepfather to testify about the victim's prior allegations, which he contends were false.

NMSA 1978, Section 30–9–16 (Repl. Pamp.1984) (the Rape Shield Law), provides:

> [E]vidence of the victim's past sexual conduct, opinion evidence thereof or reputation for past sexual conduct, shall not be admitted unless, and only to the extent that the court finds, that evidence of the victim's past sexual conduct is material to the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

The issue raised by defendant (whether evidence that a victim in the past had falsely accused others of rape is admissible in a

prosecution for a sexual offense) was addressed in *Manlove v. Sullivan,* 108 N.M. 471, 775 P.2d 237 (1989), and *State v. Johnson,* 102 N.M. 110, 692 P.2d 35 (Ct.App. 1984).

In *Johnson,* this court held that Section 30–9–16 was not limited to sex by consent. As such, we concluded that Section 30–9–16 applied to all sexual conduct and that a prior rape was sexual conduct within the meaning of Section 30–9–16. *Johnson* nevertheless observed that evidence of a prior allegation of rape was admissible if it was relevant and material, and if its prejudicial nature did not outweigh its probative value. *Id.* at 117, 692 P.2d at 42.

In *Manlove,* our supreme court overruled *Johnson* in part, holding that a victim's prior allegations of rape were not closely enough related to sexual conduct to merit protection by the Rape Shield Law. *Manlove* did not hold, however, that such evidence was automatically admissible. As did this court in *Johnson,* our supreme court in *Manlove* concluded that the trial court is afforded discretion on the question of whether to admit or exclude evidence of the victim's prior allegations of rape.

Essentially, both *Manlove* and *Johnson* allow cross-examination of a complaining witness on prior false complaints for purposes of impeachment, but also represent that the trial court's discretion to exclude such evidence must be weighed against a defendant's right to cross-examine and impeach witnesses adequately. *Johnson,* 102 N.M. at 119, 692 P.2d at 44. Additionally, SCRA 1986, 11–413 allows admission of a victim's past sexual conduct to the extent that such evidence is material and relevant and its inflammatory or prejudicial nature does not outweigh its probative value.

Although *Manlove* and *Johnson* permit admission of evidence of prior false allegations, subject to the trial court's discretion, the *method of proof* (the form the evidence must take to be admissible) nonetheless is not unlimited. Evidence of the victim's prior false allegations constitutes extrinsic evidence. Although the credibility of a witness may be attacked by any party, attempts to do so by evidence of specific instances of conduct are strictly limited by our evidentiary rules. *See State v. Vigil,* 103 N.M. 583, 711 P.2d 28 (Ct.App. 1985).

SCRA 1986, 11–608(B) provides that a defendant may, on cross-examination, inquire about specific instances of conduct (in this appeal, victim's prior allegations of sexual misconduct against persons other than defendant) if, in the trial court's discretion, such evidence is probative of untruthfulness. *See State v. Ross,* 88 N.M. 1, 536 P.2d 265 (Ct.App.1975); *State v. Madrid,* 83 N.M. 603, 495 P.2d 383 (Ct.App. 1972). Rule 11–608(B), however, prohibits the use of extrinsic evidence for the purpose of attacking a witness's credibility.

In *State v. McKinzie,* 72 N.M. 23, 380 P.2d 177 (1963), our supreme court held that a witness may not be impeached concerning specific acts of misconduct by the testimony of other witnesses, but only by cross-examination of that witness. The general rule is that, on collateral matters, a cross-examiner is bound and limited by whatever answer is elicited from the witness. *See State v. Vigil; State v. Hargrove,* 81 N.M. 145, 464 P.2d 564 (Ct.App. 1970) (a denial is binding on the cross-examiner and extraneous evidence is inadmissible to contradict such denial).

Thus, the trial court correctly followed our rules of evidence in prohibiting the stepfather to testify concerning the alleged false accusation by the victim. Additionally, defendant did not even establish that there was admissible evidence that the victim had made an accusation against the stepfather. Defendant made no proffer that the stepfather, or anyone else, had personal knowledge of such an accusation. We therefore reject defendant's claim of error in the trial court's ruling concerning the stepfather's testimony.

## CUMULATIVE ERROR

Defendant contends that the trial court's rulings concerning issues one and two served to deny defendant a fair trial and constituted cumulative error. The cu-

mulative error doctrine has no application if no errors were committed and if defendant received a fair trial. *See State v. Lopez.* Since we have concluded there was no error, there is no basis for defendant's claim of cumulative error. *See State v. Larson,* 107 N.M. 85, 752 P.2d 1101 (Ct. App.1988).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he was denied effective assistance of counsel because his trial counsel did not call witnesses to support the trial testimony of defendant's wife. Defendant contends that trial counsel was aware, or should have been aware, of witnesses who would have supported his wife's testimony. Defendant claims that the jury essentially had to weigh his wife's credibility against that of the victim and the victim's mother. He also argues that, had trial counsel called other witnesses, the jury would not have had to judge defendant's entire defense on the credibility of defendant's wife.

The standard for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney. *State v. Taylor,* 107 N.M. 66, 752 P.2d 781 (1988), *overruled on other grounds by Gallegos v. Citizens Ins. Agency,* 108 N.M. 722, 779 P.2d 99 (1989); *State v. Orona,* 97 N.M. 232, 638 P.2d 1077 (1982). The burden of proof to establish ineffective assistance of counsel is on a defendant, who must establish that counsel was incompetent and that defendant was prejudiced as a result. *State v. Talley,* 103 N.M. 33, 702 P.2d 353 (Ct.App.1985).

In considering a claim of ineffective assistance of counsel, the entire proceeding must be considered as a whole. *Id.; State v. French,* 92 N.M. 94, 582 P.2d 1307 (Ct.App.1978). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A defendant must show essentially that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *See, State v. Taylor.*

We now examine the particular facts of this appeal to determine whether defendant was denied effective assistance of counsel. At trial, conflicting testimony was introduced regarding the victim's whereabouts on August 6 and 7, 1988, a Saturday and a Sunday, the days on which the alleged offenses occurred. Defendant and his wife had bought a new home. The victim and her mother testified that, on the weekend of August 6 and 7, the victim, her mother and siblings, and defendant and his wife were all present at the new home. The indictment charged that, on or about August 6 and 7, defendant engaged in sexual misconduct with the victim. The victim and her mother testified that on Saturday and Sunday, defendant and the victim had left the premises to gather rocks and pick up cans. It was during this time that the alleged incidents occurred.

Contrary to the testimony of the victim and her mother, defendant's wife testified that the family had not yet moved into the new home. She claimed instead that the family was only preparing to move during the weekend of August 6 and 7. Defendant's trial counsel introduced a rent check written by defendant's wife to corroborate her testimony that the family had not yet moved to the new home. Defendant's wife contended that, on Saturday, August 6, she and the victim together were packing at the old residence while the other family members moved their belongings to the new home. Defendant's wife stated that on Sunday, August 7, the entire family went to the new home to install a waterbed. According to defendant's wife, the victim was never alone with defendant during that weekend. Through the testimony of defendant's wife, defendant's trial counsel sought to prove that the victim was never alone with defendant on August 6 and 7, thus precluding the opportunity for any sexual misconduct. The jury's convic-

tion apparently indicated that it did not believe the testimony of defendant's wife.

▮ To support his argument that his trial counsel should have called other witnesses, defendant claims he informed counsel of such witnesses. Any off-the-record statement by defendant to his trial counsel, however, cannot be considered by this court. *See State v. Lord,* 91 N.M. 353, 573 P.2d 1208 (Ct.App.1977).

▮ In support of his ineffective assistance of counsel claim, defendant also points to his trial counsel's direct examination of defendant's wife. Defendant's wife testified that from August 6 to 13, the family was only in the process of moving to the new home, because there was a repairman and a helper installing carpet during that time. She testified that the carpet was not completely installed until August 10 and that she was positive they did not move into the new home until after that date. Even if we were to assume the correctness of that statement, however, it does not necessarily follow that defendant and the victim were not at the new house on August 6 and 7. Thus, we conclude that defendant's trial counsel's failure to call the potential witnesses to corroborate defendant's wife did not constitute ineffective assistance of counsel.

Additionally, even if the wife's testimony was accurate in its account of the activities on August 6 and 7, trial counsel's failure to call the carpet installer did not constitute ineffective assistance of counsel. Counsel cross-examined the victim on her vague recollection of the events, presented conflicting testimony of defendant's wife, and introduced a bank check that supported wife's testimony. Obviously, trial counsel could have concluded that this evidence was sufficient to discredit the victim's testimony. In this context, whether or not to call another witness then became a matter of strategy and trial tactics. Trial counsel is afforded wide latitude in the representation of his client. *See State v. Dean,* 105 N.M. 5, 727 P.2d 944 (Ct.App.1986); *State v. Helker,* 88 N.M. 650, 545 P.2d 1028 (Ct. App.1975), *cert. denied,* 429 U.S. 836, 97 S.Ct. 103, 50 L.Ed.2d 102 (1976).

In connection with an ineffective assistance of counsel claim, on review, we must affirm defendant's conviction unless the record reveals a very real possibility of a miscarriage of justice. *See State v. Chacon,* 80 N.M. 799, 461 P.2d 932 (Ct.App. 1969). Our review of the entire record in this appeal does not persuade us that counsel's failure to call other witnesses to support wife's testimony prejudiced defendant's defense. Absent proof that trial counsel's representation fell below that of a reasonably competent attorney, or that, but for counsel's failure to call such witnesses, the result would have been different, we cannot conclude that defendant did not receive a fair trial. *See State v. Taylor.*

Before consideration of the merits of this appeal, we previously denied defendant's motion to remand for an evidentiary hearing with respect to the content and effect of other witnesses' testimony on this issue. However, defendant's brief has not presented a substantial claim of ineffectiveness. We thus decline to review or reconsider defendant's motion as requested. *See State v. Powers,* 111 N.M. 10, 800 P.2d 1067 (Ct.App.1990) (a remand for an evidentiary hearing would circumvent the express wording of SCRA 1986, 5–802).

## OVERBREADTH

▮ Defendant contends that Section 30–9–13(B) is unconstitutionally overbroad. The general rule governing standing in connection with this argument provides that a person to whom a statute may be constitutionally applied cannot challenge the statute on the basis that the statute may conceivably be applied unconstitutionally to others not before the court. *See Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). But even if we addressed this issue, we are compelled to follow the holding of *State v. Pierce,* 110 N.M. 76, 792 P.2d 408 (1990), where our supreme court held Section 39–9–13(B) was neither unconstitutionally vague nor overbroad.

## CONCLUSION

This court has *sua sponte* considered whether *State v. Osborne*, 111 N.M. 654, 808 P.2d 624 (1991) requires reversal. *Osborne* held that "unlawfulness" is an essential element of the offense of CSCM and the jury must be instructed on that element. The court noted, however, that, "[a]s with other instructions addressing the statutory element of unlawfulness discussed above, the element of unlawfulness in the CSCM statute may be addressed by description of the manner in which the act was perpetrated." *Id.*, 808 P.2d at 630. That was done in this case. The court instructed the jury, as elements of the CSCM charge, concerning the requirements that "the defendant threatened to hurt [the victim]" and "[the victim] believed that the defendant would carry out the threat." Since the jury apparently was satisfied that the state proved those elements, the jury necessarily found that defendant acted "unlawfully."

In summary, having determined that the trial court did not abuse its discretion in admitting evidence of defendant's prior sexual misconduct against the victim or in restricting impeachment of the victim's testimony by disallowing extrinsic evidence in the form of witness testimony, we affirm the trial court on those two issues. We also hold that, because there was no error, there was no cumulative error. Lastly, we decide against defendant's arguments in connection with his ineffective assistance of counsel claim and the statutory overbreadth claim. We therefore affirm defendant's convictions.

IT IS SO ORDERED.

ALARID, C.J., and HARTZ, J., concur.