This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 31,662

**PEDRO FRAYRE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his convictions, pursuant to a conditional no contest plea [RP Vol.II/251], for four counts of criminal sexual contact of a minor in the second degree (child under 13). [RP Vol.II/265] Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to argue that the district court erred when it denied his motion to exclude references to the fact that Defendant and Victim both have the genital herpes simplex type I virus. [DS 5-6; MIO 8-11] In support of his argument, Defendant asserts that this evidence should have been excluded because the State did not present evidence showing that Victim and Defendant's herpes viruses have the same DNA strain. [MIO 9] Absent such specific DNA evidence, Defendant maintains that the prosecutor's reference to the herpes infections was more prejudicial than probative, and thus should have been excluded. [MIO 10] We disagree. As fully explained in our notice, the fact that both Victim and Defendant have the genital herpes simplex type I virus was relevant and probative. *See State v. Riley*, 2010-NMSC-005, ¶ 28, 147 N.M. 557, 226 P.3d 656 (recognizing that the district court is afforded a great deal of discretion in the admission or exclusion of evidence). We note also that Defendant was not precluded from pointing out to the jury that the prosecutor did not test for, and thus could not show, whether the DNA strain was the

same.  [MIO 9-10]  *See generally State v. Nichols*, 2006-NMCA-017, ¶ 11, 139 N.M. 72, 128 P.3d 500 (recognizing that the jury, as the trier of fact, is entitled to weigh the evidence).

Defendant also maintains that the district court erred in denying his motion to allow inquiry into Victim's prior allegations of sexual contact against both her mother's boyfriend and a neighbor.  [DS 6; MIO 5-8]  We remain unpersuaded that this case is similar [MIO 6] to *State v. Payton*, 2007-NMCA-110, 142 N.M. 385, 165 P.3d 1161, wherein this Court recognized that, in certain circumstances, a defendant is not able to properly present a full and fair defense without introducing evidence of prior sexual abuse.  *Id*. ¶¶ 12, 14.  For the reasons extensively detailed in our notice, the present circumstances do not support admission of the other allegations of abuse under the five-factor test recognized in *Payton*.  *Id*. ¶ 12.  And in relation to the lack of relevance as to the prior allegations, we note the district court's findings that the allegation involving the neighbor [RP Vol.I/182] or "Darwin Incident" was several years earlier and prior to the child's onset of herpes [RP Vol.I/187] and the allegation involving the mother's boyfriend [RP Vol.I/182] or the "Kelly incident" was after the instant allegations and after the onset of the child's herpes.  [RP Vol.I/187]  We accordingly affirm the district court's ruling that the present circumstances do not merit inquiry into Victim's allegations of sexual contact with the neighbor and with

the mother's boyfriend. *See State v. Scott*, 113 N.M. 525, 530, 828 P.2d 958, 963 (Ct. App. 1991) (concluding that, in the context of rape shield laws, "the trial court is afforded discretion on the question of whether to admit or exclude evidence of the victim's prior allegations of rape"). We do note, however, that Defendant was allowed to inquire about Victim's statements, made in her safehouse interview, which involved alleged serial assaults by other male abusers against Victim and other children at Defendant's apartment, occurring on the same day that she was assaulted by Defendant. [RP Vol.I/181, 242; DS 3-4]

To conclude, for reasons set forth herein and in our notice, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**