**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARL OLONA,

        Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Central
New Mexico Correctional Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 00-2167
(D.C. No. CIV-97-573-MV/KBM)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Carl Olona appeals the decision of the district court denying his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Because we cannot conclude that "reasonable jurists would find the district court's assessment of the constitutional claims [here] debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we deny petitioner's application for a certificate of appealability and dismiss this appeal.

Following a 1987 trial to a New Mexico state court, petitioner was convicted of three counts of second degree criminal sexual penetration, one count of attempt to commit the same, kidnaping and aggravated burglary. His sentence was enhanced due to his habitual offender status, and petitioner was sentenced to thirty-seven years' incarceration and two years' parole. His conviction was affirmed by the New Mexico Court of Appeals and became final in 1988 when the New Mexico Supreme Court denied certiorari.

Petitioner filed his federal habeas petition on the last day of the AEDPA grace period, April 23, 1997. By then, the records of the state trial had largely disappeared. The federal district court held a hearing regarding the state of the record at which petitioner's trial attorney, an assistant district attorney who had worked on the case, petitioner's appellate attorney and petitioner all testified. At the end of the hearing, the court directed the parties to agree to a briefing schedule. The matter was then referred to a magistrate judge.

In his habeas petition, petitioner argues that insufficient evidence supported his convictions and that he was denied his Sixth Amendment right to confrontation when the trial judge prevented him from inquiring into a 1986 rape accusation against a Texas man lodged by the complainant in this case. After reviewing the elements of the various crimes for which petitioner had been convicted and the opinion of the New Mexico Court of Appeals affirming the convictions, the magistrate judge addressed the merits of petitioner's claims and concluded that habeas relief should be denied. The district court adopted the magistrate judge's proposed findings and recommendation and denied a certificate of appealability (COA).

The statute governing the issuance of a COA "establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal." *Slack*, 529 U.S. at 482. No COA will be forthcoming unless "'the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* at 481 (quoting 28 U.S.C. § 2253(c)). Where, as here, the district court rejected petitioner's constitutional claims on the merits, Mr. Olona must now "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.

At the outset of his brief on appeal, petitioner argues that AEDPA does not apply to his appeal and advances three challenges to the constitutionality of AEDPA as applied to him. Because law from the Supreme Court and this court effectively disposes of petitioner's constitutional arguments, we need not pause long in addressing those issues. Contrary to petitioner's contention, AEDPA does apply to his case because Mr. Olona's federal habeas petition was filed after AEDPA's effective date. *See Slack,* 529 U.S. at 481 (citing *Lindh v. Murphy*, 521 U.S. 320, 327 (1997)). "We have repeatedly held that the AEDPA applies to cases filed after its effective date, regardless of when state court proceedings occurred." *Trice v. Ward*, 196 F.3d 1151, 1158 (1999) (quotation omitted), *cert. denied*, 121 S. Ct. 93 (2000). We have similarly rejected a challenge to AEDPA on the basis of retroactivity. *See id.* (citing cases from other circuits which have reached a similar result).

Petitioner's argument, based on a hypothetical scenario, that AEDPA somehow violates Article III has been foreclosed by the Supreme Court's opinion in *Williams v. Taylor,* 529 U.S. 362, 378-79 (2000). There the court roundly rejected an interpretation of AEDPA that would "alter the underlying grant of jurisdiction in § 2254(a)." *Id.* at 378. "A construction of AEDPA that would require the federal courts to cede this authority to the courts of the States would

-4-

be inconsistent with the practice that federal judges have traditionally followed in discharging their duties under Article III of the Constitution." *Id.* at 379.

Petitioner finally argues that denial of his petition under AEDPA would result in a suspension of the writ. He does not specify how this result would occur, other than to hypothesize that "[i]f AEDPA requires that a federal habeas court allow a state court decision to stand, even though it is contrary to the United States Constitution, AEDPA would also violate the suspension of the writ clause." Opening Br. at 29. Of course, AEDPA does not *require* any such outcome. It requires only that "determinations of state courts be tested only against 'clearly established Federal law, as determined by the Supreme Court of the United States,' and second, the prohibition on the issuance of the writ unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." *Williams*, 529 U.S. at 379 (quoting § 2254(d)). *See also Felker v. Turpin*, 518 U.S. 651, 664 (1996) (holding that AEDPA's restrictions on successive petitions do not amount to a suspension of the writ); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that, under circumstances of the case, AEDPA's statute of limitations did not result in a suspension of the writ).

Turning now to the merits of this appeal, petitioner argues that the trial judge denied him his Sixth Amendment right to cross-examine the victim about her prior rape allegation which resulted in an acquittal and that insufficient

-5-

evidence supports his convictions. The New Mexico Court of Appeals rejected both of these claims on the merits. [1]

Under AEDPA, petitioner will not be entitled to habeas relief unless the state court's adjudication of the merits of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme]

---

[1]     Petitioner argues that the New Mexico Court of Appeals did not address his Confrontation Clause argument on the merits. We disagree. While that court did not use the phrase "Confrontation Clause" or refer directly to the Sixth Amendment, the opinion relies on *State v. Johnson*, 692 P.2d 35 (N.M. Ct. App. 1984) (*overruled in part by Manlove v. Sullivan*, 775 P.2d 237 (N.M. 1989)), the leading New Mexico case at the time regarding the operation of the state's rape shield law. *Johnson*, in turn, is specifically concerned with the constitutional right to cross-examine ("The danger posed by [the rape shield law] is that its application will prevent the defendant from adequately cross-examining the complainant to attack her credibility, thus violating the defendant's right to confront the witnesses against him guaranteed by the sixth and fourteenth amendments."). *Johnson*, 692 P.2d at 42.

> Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 529 U.S. at 412-13.

The facts supporting petitioner's Confrontation Clause claim stem from an earlier rape complaint brought by the victim in this case against a man in El Paso, Texas. In that case, the victim apparently was interviewed by Texas authorities, took part in grand jury proceedings, and participated in the trial at which the defendant was acquitted. During the course of Mr. Olona's trial, defense counsel asked the victim why she had earlier denied penetration when she had been interviewed. The victim stated that, at the time of those interviews, she did not know the meaning of the word "penetration." Defense counsel renewed his request to be allowed to inquire into the Texas rape case in an effort to establish the unlikelihood that someone who was a complainant in an earlier rape prosecution could not know the meaning of "penetration." Defense counsel wanted to make the victim's credibility an issue, R. Vol. II at 21, and to test whether the victim's testimony would "unravel" as to all of the charges, *id.* at 22-23. The request to pursue this line of questioning was denied.

"The right to present relevant testimony is not without limitation. The right may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (quotations omitted). "Trial judges retain wide latitude insofar as the Confrontation Clause is

concerned to impose reasonable limits on cross-examination." *United States v. Ramone*, 218 F.3d 1229, 1237 (10th Cir.) (quotations omitted), *cert. denied*, 121 S. Ct. 598 (2000).

Petitioner argues that he needed to be able to question the victim about her prior rape charge in order to undermine her credibility. Based on the facts of this case as best we can ascertain them, however, there were several different avenues through which the victim's credibility could have been attacked. With respect to the victim's understanding of the word "penetration," we note that in the statement she gave to the police a few hours after the event, the victim herself used the word to describe what petitioner had done to her: "He penetrated my vagina with his finger and his tongue." R. Vol. V Olona/Tammi Nidever folder, Statement at 2. Presumably this police report was available to defense counsel and would have been just as effective to impeach the victim regarding her understanding of the word as would inquiry into her prior rape allegation.

Further, the victim reported that petitioner knocked her to the floor, cut her with a knife or scissors, sexually assaulted her and was only prevented from full penile penetration when she hit him on the head with an electric fan. All of these statements were apparently open to challenge: the victim had no physical marks other than some very slight scratches on her forehead which the defense attorney suspected were self-inflicted with a kitchen fork; the victim's apartment showed

no signs of a struggle; petitioner's fingerprints were not found on either a knife or scissors; the physical evidence of a sexual assault was equivocal, and no marks were found on petitioner's body indicating that he had been struck by the victim. All of these factual inconsistencies were open to the defense and could have undermined the victim's credibility. There is no evidence that the defense did not pursue these lines of questions in his cross-examination.

We agree with petitioner that an essential part of the right of confrontation is the opportunity to cross-examine. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). And, indeed, that right can be abridged "if the trial court precludes an entire relevant area of cross-examination." *Richmond v. Embry*, 122 F.3d 866, 871 (10th Cir. 1997) (quotations omitted); *cf. Ramone*, 218 F.3d at 1236 (rejecting confrontation clause claim where defendant "was able to introduce evidence with respect to his defense of consent and was not entirely precluded from offering his theory of the case"). Because petitioner was not precluded from all efforts to attack the victim's credibility, his right to confrontation was not abridged. [2]

Petitioner's second claim is that insufficient evidence supported his convictions.

---

[2] Because we find no violation of the Confrontation Clause here, it is unnecessary for us to engage in the harmless error analysis discussed in petitioner's brief.

The standard of review of a claim relating to the sufficiency of the evidence is whether, 'after considering all the trial evidence in the light most favorable to the prosecution . . . any rational trier-of-fact could not have found each separate element of the crime charged was proved beyond a reasonable doubt.'

*Mayes v. Gibson*, 210 F.3d 1284, 1293 (10th Cir.), *cert. denied*, 121 S. Ct. 586 (2000)) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

There is some debate in this circuit whether under the AEDPA a claim challenging the sufficiency of the evidence should be treated as a question of law or as a question of fact. *See Moore v. Gibson*, 195 F.3d 1152, 1176-77 (10th Cir. 1999) (summarizing split in the case law) [ *cert. denied*, 120 S. Ct. 2206 (2000)]. If we treat the claim as a question of law, then under § 2254(d)(1) we should only overturn the state court's determination if its decision was contrary to established Supreme Court precedent. If we treat the claim as a question of fact, then under § 2254(d)(2) it should be overturned only if it represents an unreasonable determination of the facts in light of the evidence.

*Id.*

In this case, as in *Mayes*, it makes no difference to the outcome whether we treat the sufficiency question as one of law or of fact. After reviewing the docketing statement presented to the New Mexico Court of Appeals and petitioner's brief filed therewith, we agree with the district court that the state court's decision is neither contrary to the "rational-trier-of-fact" test of *Jackson v. Virginia*, nor was it an unreasonable determination of the facts.

Petitioner's application for a certificate of appealability is denied. This appeal is DISMISSED.

Entered for the Court

John C. Porfilio
Circuit Judge