FILED
United States Court of Appeals
Tenth Circuit

October 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES ROBERT BONOMELLI,

    Petitioner - Appellant,

v.

WALTER DINWIDDIE, Warden,

    Respondent - Appellee.

No. 10-6130

(W.D. Oklahoma)

(D.C. No. 07-CV-00212-D)

---

**ORDER GRANTING AND DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

James Robert Bonomelli seeks a certificate of appealability ("COA") in order to appeal the denial of his request for a habeas petition pursuant to 28 U.S.C. § 2254. We grant his application for a COA on his claim that the

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

deferential review standard contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional and should not be applied. But, with respect to Mr. Bonomelli's other claims, because Mr. Bonomelli has failed to make a substantial showing of the denial of a constitutional right and has failed to demonstrate that jurists of reason would find it debatable whether the court's procedural rulings were correct, we deny his request for a COA and dismiss the appeal as to those claims.

## BACKGROUND

Mr. Bonomelli was convicted, following a jury trial in 2004, of possession of child pornography, felonious possession of a firearm, and felonious possession of marijuana, all of which followed prior convictions for two or more felonies.[1] He was acquitted of one count of solicitation of a minor and one count of possession of a firearm while committing a felony. Mr. Bonomelli was sentenced to forty years on each of the child pornography and marijuana convictions, and twenty years on the firearm conviction. The trial court ordered Mr. Bonomelli to serve the terms consecutively, resulting in a 100-year sentence.

Mr. Bonomelli filed a direct appeal with the Oklahoma Court of Criminal Appeals ("OCCA"), arguing that the trial court's denial of his motion for a

---

[1]These convictions were the result of a second trial, following an earlier trial which ended in a mistrial.

continuance resulted in state-induced ineffective assistance of counsel and that his

consecutive sentences totaling 100 years were excessive.[2]  The OCCA affirmed

Mr. Bonomelli's conviction but concluded that the consecutive sentences were

excessive, so it modified the sentences to run concurrently, resulting in a forty-

year term of imprisonment.  Mr. Bonomelli sought post-conviction relief in state

court, which was denied.  He failed to file a timely appeal of this denial, so his

appeal was declined for lack of jurisdiction.  See Appellant's Br. at 3, n.2.

Proceeding *pro se*, Mr. Bonomelli filed the instant federal petition for

habeas relief under 28 U.S.C. § 2254.  He raised the same two claims he had

raised before the OCCA on direct appeal.  The matter was referred to a magistrate

judge, who issued a report recommending denial of Mr. Bonomelli's claims.

At this point, Mr. Bonomelli's parents retained counsel for him, and his

counsel filed objections to the magistrate judge's report and recommendation.  In

his objections, Mr. Bonomelli raised three issues:  whether the deferential

standard of 28 U.S.C. § 2254(d), adopted by AEDPA, is unconstitutional and

should not be applied; whether the trial court's denial of a continuance violated

---

[2]Mr. Bonomelli's request for a continuance stemmed from the fact that, during his first trial, evidence was presented that Mr. Bonomelli's then-counsel had acted improperly with regard to a witness against Mr. Bonomelli.  Counsel was required to withdraw, which necessitated a mistrial.  New counsel for Mr. Bonomelli entered her appearance two weeks before the second trial was scheduled to commence.  After being granted a two-week continuance, Mr. Bonomelli's counsel was unable to obtain a further continuance.  Hence, Mr. Bonomelli claims that his new counsel was unable to prepare properly for his second trial and therefore provided him ineffective assistance.

Mr. Bonomelli's constitutional rights, and whether his habeas petition alleged additional claims that the magistrate judge overlooked. All other issues were subsequently, and properly, deemed waived by the district court. See United States v. 2121 East 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court.")

The district court rejected Mr. Bonomelli's argument concerning the constitutionality of AEDPA, relying on an unpublished decision from our court for the proposition that we have "expressly rejected an argument that AEDPA's deferential standard somehow violated Article III, finding the argument foreclosed by the Supreme Court's opinion in Williams[ v. Taylor], 529 U.S. [362] 378-79 [(2000)]." Order at 3 (citing Olona v. Williams, 13 Fed. Appx. 745, 747 (10th Cir. 2001)). The district court adopted the magistrate's thorough analysis rejecting Mr. Bonomelli's argument about the denial of a trial continuance. With respect to Mr. Bonomelli's argument that the court should address additional federal claims "perhaps inartfully raised in [Mr. Bonomelli's] Petition," Objection at 8, the court found as follows: Mr. Bonomelli failed to raise any issue as to the effectiveness of trial or appellate counsel; and he could not amend his petition to include these or other issues because "the requested amendment would not relate back to the date of filing the Petition and the newly asserted claims would be barred by AEDPA's one-year time limit." Order at 5.

Thus, the district court adopted the magistrate judge's report and recommendation and denied Mr. Bonomelli's habeas petition. The court denied Mr. Bonomelli's request for a COA. This request for a COA followed.

**DISCUSSION**

Unless a petitioner obtains a COA, we lack jurisdiction to consider the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The petitioner may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Thus, when the district court has ruled on the merits of the prisoner's claims, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

The district court dismissed two claims on their merits (the constitutionality of AEDPA deference and the effect of the denial of a continuance request) and the remaining claims (the additional claims of ineffectiveness Mr. Bonomelli claims should have been addressed by the magistrate judge) on procedural grounds.

### I. AEDPA Deference

Mr. Bonomelli's argument that a COA should be granted on this issue is that "no less than thirteen federal circuit court judges from four different circuits believe that the deference provisions of the AEDPA violate the constitutional separation of powers doctrine." Appellant's Br. at 11. Thus, he argues, it is self-evident that reasonable jurists would find the district court's rejection of his argument a debatable proposition. He does acknowledge, however, that our own circuit has held in an unpublished opinion that the argument "that AEDPA somehow violates Article III has been foreclosed by the Supreme Court's opinion in Williams v. Taylor, 529 U.S. 362, 378-79 (2000)." Olona v. Williams, 13 Fed. Appx. 745, 747 (10th Cir. 2001).

Assuming the dispute amongst several individual circuit court judges suggests that the constitutionality of the AEDPA deference provisions is subject to debate among reasonable jurists, we grant Mr. Bonomelli a COA on this issue.

We conclude, however, that the district court correctly resolved this issue against Mr. Bonomelli.

Mr. Bonomelli's argument about the statements of individual judges in four circuits actually cuts against his position more than it supports it. It is notable that, while particular judges may regard the AEDPA deference provisions as unconstitutional, no circuit court has taken that position on behalf of the entire circuit. Thus, there is no debate amongst the circuit courts. Furthermore, we do give some deference to our own previous decision squarely rejecting Mr. Bonomelli's argument. Accordingly, we grant Mr. Bonomelli a COA on this issue and affirm the district court's rejection of his argument.

## II. Continuance and Remaining Issues

With respect to the remaining issues, we have carefully reviewed the magistrate judge's report and recommendation, the district court's order which included its own adoption of that report and recommendation and the entire record, and we cannot see how reasonable jurists would find any of the district court's determinations debatable or wrong. With respect to Mr. Bonomelli's argument about the denial of a continuance, to the extent his argument is premised upon a claimed state law procedural error, we note that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991); see also Hooks v. Workman, 606 F.3d 715, 748 (10th Cir. 2010).

Nor do we see any violation of due process or any fundamental unfairness stemming from the denial of the request for a continuance.

## CONCLUSION

For the foregoing reasons, we GRANT a COA on Mr. Bonomelli's argument that AEDPA deference is unconstitutional, we apply those standards and we AFFIRM the district court's dismissal of his habeas petition on this ground. We DENY a COA on the remaining issues and dismiss them.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge