800 P.2d 1067

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Donald POWERS, Defendant–Appellant.**

**No. 12145.**

Court of Appeals of New Mexico.

Sept. 25, 1990.

Certiorari Denied Nov. 14, 1990.

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant appeals his convictions and sentence, with enhancements, for second degree murder and robbery. Our second and third calendar notices proposed summary affirmance. Defendant has responded with memoranda in opposition and motions to amend the docketing statement. We deny the motions to amend, and we are not persuaded by the memoranda; we therefore affirm.

We first identify the issues originally raised and now abandoned, either expressly or by incorporation into the issues on which amendment of the docketing statement was sought. Next, we discuss the issues originally raised and not abandoned, some of which are also argued in connection with the issues on which amendment of the docketing statement was sought. Third, we discuss the ineffective assistance of counsel and biased judge issues on which amendment of the docketing statement was sought in the first and second memoranda in opposition. Finally, we discuss the sentencing issue on which amendment of the docketing statement was sought in the second memorandum in opposition.

Only the ineffective assistance of counsel issue meets the criteria for publication under SCRA 1986, 12–405. Therefore, only the portions of the opinion discussing that issue will be published. The remainder of the opinion, which is incorporated by reference, will be a memorandum opinion and may not be cited as precedent.

*Motion to Amend (Ineffective Assistance of Counsel)*

In order to show ineffective assistance of counsel, counsel's performance must have been below the level of a reasonably competent attorney, and such performance must have prejudiced defendant in such an extreme way that the adversarial process cannot be relied on as having

**12**

produced a just result. *State v. Talley,* 103 N.M. 33, 702 P.2d 353 (Ct.App.1985). The fact that defendant raised issues on appeal that concerned evidence relevant to counts on which he was acquitted, that concerned matters to which no objection was made, or that concerned matters favorable to defendant's theory does not show ineffective assistance of counsel. We take judicial notice of our own files, *see State v. Turner,* 81 N.M. 571, 469 P.2d 720 (Ct.App. 1970), enough to know that trial counsel preparing docketing statements are reluctant to omit any issues in case they will not be allowed to raise them later. Thus, it frequently occurs that issues are raised that we rule were either not preserved or not harmful. The frequency with which this occurs shows that it is not below the standard of a reasonably competent attorney to put issues the court determines to be frivolous in the docketing statement.

■ Our calendar notice noted our reticence to find ineffective assistance of counsel without a hearing at which defendant could show, by evidence, the factual basis for his allegations and the state could rebut the showing by inquiring into trial counsel's reasons for his actions. *See State v. Stenz,* 109 N.M. 536, 787 P.2d 455 (Ct.App.1990). For example, in this case, it is critical to an allegation of ineffective assistance of counsel, based on the failure to show defendant's knowledge of the victim's violent propensities, to show that the victim was violent and defendant knew this. *State v. McCarter,* 93 N.M. 708, 604 P.2d 1242 (1980). The docketing statement and the memoranda in opposition show that defendant attempted to cross-examine the victim's son on the victim's propensities and attempted to examine defendant on his knowledge of the victim's family and financial situation. None of this shows the essential factual basis for defendant's issue of ineffective assistance of counsel, namely that defendant knew the victim was violent, that he conveyed this knowledge to his attorney, and that his attorney was inept for his failure to elicit this testimony. Defendant contends that statements made by counsel during opening show this essential factual basis. However, statements by

counsel are not evidence, *State v. Jacobs,* 102 N.M. 801, 701 P.2d 400 (Ct.App.1985), and, given counsel's apparently misdirected questions to the victim's son and defendant, we cannot say that counsel understood the difference between what defendant knew and what others knew and between violence and family problems. These matters are more appropriately shown in a post-conviction hearing.

■ Defendant argues that we should remand this matter to the trial court for an evidentiary hearing on the question of ineffective assistance of counsel. The only reason we can perceive for a remand, as opposed to counsel filing a motion after jurisdiction is revested in the trial court after mandate, is so that the evidentiary hearing may be had and the case then return to this court for this court's review of the ineffective assistance argument with benefit of the evidentiary hearing. Indulging in such a procedure would circumvent the express wording of SCRA 1986, 5–802, which provides review of post-conviction evidentiary proceedings by way of certiorari to the supreme court. This court has limited jurisdiction to review post-conviction evidentiary hearings. *See generally State v. Peppers,* 110 N.M. 393, 796 P.2d 614 (Ct.App.1990).

■ The same situation obtains regarding defendant's other allegation of ineffective assistance of counsel. The linchpin of defendant's argument about ineffectiveness in his impeachment of Fire Chief Cherry, who investigated the scene of the crime, is that it was possible for a bullet to have exited through the window. Because of the confusing nature of the examination of Cherry, we do not know if this factual basis was true. As with the prior issue, an evidentiary hearing is necessary to determine if counsel was ineffective.

Under these circumstances, we deny the motion to amend to raise the two issues of ineffective assistance of counsel. They are not viable issues on direct appeal. *See State v. Rael,* 100 N.M. 193, 668 P.2d 309 (Ct.App.1983).

### Conclusion

As to the allegation of ineffective counsel, we cannot say that counsel was ineffective without more of an evidentiary basis for finding that counsel did not elicit important evidence that existed, and, even if we could, we would be reluctant to grant defendant a new trial without affording the state an opportunity to rebut defendant's showing. In sum, nothing would be gained but unnecessary delay by assigning this case to a general calendar. For the foregoing reasons and those stated in the calendar notices, defendant's convictions and sentence are affirmed.

IT IS SO ORDERED.

BIVINS, C.J., and ALARID, J., concur.