This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF FARMINGTON,**

　　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　　**NO. 29,540**

**TYLER DICKERSON,**

　　　Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Simpson Law Office
Patricia L. Simpson
Farmington, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals his conviction for driving while intoxicated. [RP 121-22] He contends that his motion to dismiss should have been granted because the district court could not take judicial notice of the municipal ordinance under which he was convicted. [DS 2] He also contends that the court should have granted his motion to suppress because there was no reasonable suspicion to stop him. [DS 1]

**DISCUSSION**

**A. Judicial Notice**

We reject Defendant's argument that the district court improperly took judicial notice of the municipal ordinance. The district court was presiding over a de novo trial. The municipal ordinance appears to have been listed in the citation that was before the municipal court, [RP 20-21] in the criminal complaint, and in the amended criminal complaint. [RP 54-56] These documents became part of the record in district court, and a court may take judicial notice of its own files and records. *See State v. Powers*, 111 N.M. 10, 12, 800 P.2d 1067, 1069 (Ct. App. 1990). Accordingly, we reject Defendant's argument that dismissal was required. We note that this is the same approach we took in *City of Aztec v. Gurule*, No. 28,705, slip op. at 3-4 (N.M. Ct. App. Dec. 2, 2008) [RP 99-103] and that certiorari has been granted in *Gurule* on this issue. [RP 114] *City of Aztec v. Gurule*, 2009-NMCERT-002, 145 N.M. 705, 204

P.3d 30.

## B.     Reasonable Suspicion

"A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law.  Unsupported intuition and inarticulate hunches are not sufficient." *State v. Rivas*, 2007-NMCA-020, ¶ 7, 141 N.M. 87, 150 P.3d 1037 (filed 2006) (internal quotation marks and citation omitted).  "Questions of reasonable suspicion are reviewed de novo by looking at the totality of the circumstances to determine whether the detention was justified." *State v. Robbs*, 2006-NMCA-061, ¶ 9, 139 N.M. 569, 136 P.3d 570.

The record contains ample facts to support reasonable suspicion.  Officer Smith observed Defendant drive his truck from a bar parking lot off a curb, placing the truck in the eastbound lane of traffic while facing west. [RP 53]  When Defendant saw the officer, he immediately reversed back into the parking lot. [RP 53]  Defendant's act of driving off the curb, and facing west into the eastbound lane of traffic, combined with his attempt to avoid the officer, created reasonable suspicion.  *See State v. Franco*, 94 N.M. 243, 244, 608 P.2d 1125, 1126 (Ct. App. 1980) (stating that erratic

3

driving or obvious attempts to avoid officers can support a finding of reasonable suspicion).

Moreover, if Defendant is arguing that the dash camera video did not substantiate the officer's observations, [RP 28] that would not be dispositive. The court was free to give the officer's testimony the appropriate weight and was not required to accept Defendant's argument. *See State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (providing that conflicts in the evidence, including conflicts in the testimony of witnesses, are to be resolved by the factfinder and stating that the factfinder is free to reject the defendant's version of events). We conclude that reasonable suspicion was established.

For these reasons, we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**

4

_____

**TIMOTHY L. GARCIA, Judge**