This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

**v.**                                                              **No. 31,747**

**PETE TORRES,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

 Defendant appeals his convictions for aggravated driving while under the influence (DUI) and resisting, evading, or obstructing a police officer. We issued a

notice of summary disposition proposing to affirm on March 9, 2012. Defendant has filed a timely memorandum in opposition and a motion to amend the docketing statement, which we have duly considered. Because we remain unpersuaded, we affirm Defendant's convictions.

We first address Defendant's argument that the evidence was insufficient to support his conviction for aggravated DUI. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (quoting *State v. Baca*, 1997-NMSC-059, ¶ 14, 124 N.M. 333, 950 P.2d 776).

In this case, there was evidence to establish that Defendant was driving his car, had slurred speech, had an odor of alcohol, and had bloodshot, watery eyes. Defendant refused to take any field sobriety tests, refused to blow into a breath alcohol machine after being read the Implied Consent Act, NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 2007), and refused to have his blood drawn. [RP 53-54] We believe that such evidence is sufficient to sustain his conviction for aggravated DUI. *See State v. Loya*, 2011-NMCA-077, ¶¶ 18-20, 150 N.M.373, 258 P.3d 1165

(holding that sufficient evidence supported a conviction for aggravated DUI where the defendant drove with bloodshot, watery eyes, had slurred speech and an odor of alcohol, the defendant admitted to drinking, and the defendant refused to submit to chemical testing after being read the Implied Consent Act); UJI 14-4501 NMRA (requiring proof that the defendant drove and "as a result of drinking liquor, [Defendant] was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public" to prove DUI); NMSA 1978, §66-8-102(D)(3) (2011) (defining aggravated DUI as "refusing to submit to chemical testing, as provided for in the Implied Consent Act, and in the judgment of the court, based upon evidence of intoxication presented to the court, the driver was under the influence of intoxicating liquor or drugs).

In his memorandum in opposition, Defendant first states that he was on prescription medication for pain. [MIO 3] However, as this evidence was not introduced at trial we do not consider it. Defendant also argues that there was no evidence of bad driving. [MIO 7] However, Defendant cites to no authority to suggest that evidence of bad driving is necessary to prove aggravated DUI. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists).

3

Defendant also argues that he complied with the officer's instruction to provide his license, registration and proof of insurance as directed and that there are other possible explanations for his bloodshot, watery eyes and that the odor of alcohol alone is insufficient to convict him of DUI. [MIO 7] However, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [a defendant's] version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

Defendant next argues that he was merely moving his car from one space in a parking lot to an adjacent space, and he had no intent to operate a motor vehicle. [MIO 8] Defendant argues that this situation is analogous to one in which a citizen is intoxicated and sleeping in his vehicle and can establish a lack of intent to operate a motor vehicle as a defense. [MIO 8] *See State v. Sims*, 2010-NMSC-027, ¶¶ 37-35, 148 N.M. 330, 236 P.3d 642 (holding that "actual physical control" requires evidence of more than mere potential or possible future control and there must be a general intent to drive and reversing the defendant's conviction where the evidence only established that he was asleep in the vehicle with the car keys on the passenger seat); *State v. Mailman*, 2010-NMSC-036, ¶ 21, 148 N.M. 702, 242 P.3d 269 (holding that the defendant could not be convicted of DUI where the vehicle was inoperable and he was therefore not in actual physical control of the vehicle). We disagree. Unlike the facts in *Sims* and *Mailman*, in this case there was evidence that Defendant actually

4

operated the motor vehicle. Defendant's act of moving the car in the parking lot between spaces constitutes actual physical control of a motor vehicle. We therefore reject his argument that this case is analogous to *Sims* and *Mailman*. For these reasons, we affirm Defendant's conviction for aggravated DUI.

We now turn to the issues raised in Defendant's motion to amend the docketing statement. Such a motion will only be granted upon a showing of viablility. *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989) (providing that issues sought to be presented must be viable). Defendant first argues that the evidence was insufficient to support his conviction for resisting, evading, or obstructing a police officer. In order to convict Defendant of resisting, evading, or obstructing an officer, the jury was instructed that it had to find evidence beyond a reasonable doubt that: (1) Corporal Javier Peru was a peace officer in the lawful discharge of duty; (2) Defendant knew that Corporal Peru was a peace officer, (3) Defendant resisted or abused Corporal Peru in the lawful discharge of his duties, and (4) this happened in New Mexico on or about August 22, 2010. [RP 76] Based on the facts recited in the docketing statement and memorandum in opposition, there was evidence that Defendant refused repeated instructions by the officer to exit his vehicle during his investigation of Defendant for DUI. We believe this evidence is sufficient to support Defendant's conviction. *See* NMSA 1978, §30-22-1(D) (1981) (defining resisting,

5

evading, or obstructing an officer as resisting or abusing a peace officer in the lawful discharge of his duties).

Defendant argues that the only evidence supporting his conviction was his refusal to comply with the terms of the Implied Consent Act. [MIO 8] However, we do not believe that his conviction was based on his refusal to consent to breath and blood alcohol tests, but rather his refusal to exit his vehicle and perform field sobriety tests while the officer was attempting to conduct a DUI investigation. We therefore reject this argument. Defendant also argues that he was not under arrest at the time the officer told him to exit his vehicle and take the field sobriety tests. [MIO 8-9] However, Defendant cites to no authority to suggest that a conviction for resisting, evading, or obstructing an officer requires that a suspect be placed under arrest first. *See In re Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330 (stating that an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists); *see also* §30-22-1 (defining the elements of resisting, evading, or obstructing an officer). Finally, Defendant argues that since he was planning to potentially spend the night in his vehicle, the vehicle was like his home, and his refusal to exit cannot form the basis for conviction. [MIO 9] Again, Defendant cites to no authority in support of this argument, and we therefore do not consider it. *See In re Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330 (stating that an appellate court will not

consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists).

Defendant also argues in his motion to amend the docketing statement that he received ineffective assistance of counsel. There is a two fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *See State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.* "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (citing *State v. Swavola*, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct. App. 1992)).

Defendant asserts that his counsel was ineffective in a variety of ways. Defendant first claims that his counsel failed to introduce evidence that the arresting officer had prior convictions for domestic violence and that he had been removed from the police force at some point and lost his officer certification credentials. [MIO 10]

7

However, there is nothing in the record to support these claims. *See State v. Powers*, 111 N.M. 10, 12, 800 P.2d 1067, 1069 (Ct. App. 1990) (observing that an insufficient factual basis precludes appellate review of a claim of ineffective assistance of counsel); *and see, e.g.*, *State v. Hernandez*, 115 N.M. 6, 18, 846 P.2d 312, 324 (1993) (rejecting a claim of ineffective assistance of counsel, where the defendant failed to demonstrate that favorable evidence could have been presented).

Defendant also argues that his attorney did not call his doctor to establish that the interaction between the medications he had been prescribed contributed to his impairment. Again, there is nothing in the record to support Defendant's claims regarding what his doctor would have testified to and whether that testimony would have been favorable. *See State v. Dartez*, 1998-NMCA-009, ¶ 27, 124 N.M. 455, 952 P.2d 450 (holding that a defendant must demonstrate in the record what the beneficial testimony would have been and thereby demonstrate prejudice). Accordingly, Defendant has failed to establish a prima facie case of ineffective assistance of counsel on these bases.

Defendant also argues that his counsel failed to file a motion to suppress on the basis that the officer lacked reasonable suspicion to approach his vehicle and conducted a pretextual traffic stop. [MIO 10] In order to establish that this was below the standard of a reasonably competent attorney, Defendant has the burden to establish that the facts support the motion to suppress and that a reasonably competent attorney

could not have decided that such a motion was unwarranted. *See State v. Martinez*, 1996-NMCA-109, ¶ 33, 122 N.M. 476, 927 P.2d 31. To determine whether the facts support a motion to suppress, we evaluate the facts present in the record. *See Roybal*, 2002-NMSC-027, ¶ 19 (stating that "[i]f facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition").

In this case, the record indicates that the officer initially approached Defendant's car because he heard what he believed to be an argument between Defendant and another person. [MIO 3; RP 53] Once he approached the car, he observed Defendant in the driver's seat with bloodshot, watery eyes and an odor of alcohol. We see nothing in these facts to give rise to a motion to suppress. *See State v. Chandler*, 119 N.M. 727, 735, 895 P.2d 249, 257 (Ct. App. 1995) (stating that trial counsel is not ineffective for failing to make a motion that is not supported by the record). Defendant argues that the officer did not observe any driving violation.

Additionally, Defendant does not point to any facts in the record that would constitute a pretextual traffic stop. Defendant states that the officer's claim that he initially approached the vehicle because he heard what he thought was an argument between Defendant and another person was untrue. However, the record before us does not support this contention. For these reasons, we believe that Defendant has failed to establish that a motion to suppress was supported by the facts in the record.

*See State v. Torres*, 2005-NMCA-070, ¶ 17, 137 N.M. 607, 113 P.3d 877 (rejecting the defendant's claim that he received ineffective assistance of counsel on the basis of his attorney's failure to file a suppression motion where the facts in the record did not support a suppression motion). Although Defendant has failed to establish a claim of ineffective assistance of counsel, we reach this conclusion without prejudice to Defendant's pursuit of habeas corpus proceedings on this issue and the development of a factual record. *See State v. Gonzales*, 2007-NMSC-059, ¶ 16, 143 N.M. 25, 172 P.3d 162.

For these reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**