This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                                    **No. 31,079**

**ROBERT M. RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Convicted of one count of battery on a peace officer in violation of NMSA 1978, Section 30-22-24 (1971); one count of resisting or evading an officer in violation of NMSA 1978, Section 30-22-1(D) (1981); and one count of disorderly conduct in violation of NMSA 1978, Section 30-20-1(A) (1967), Defendant appeals. Defendant contends that: (1) the district court abused its discretion by permitting the prosecutor to question witnesses about Defendant's alleged gang association and his alleged statements to "put it on Sur"; (2) the district court abused its discretion when it denied Defendant's motion for a new trial; (3) trial counsel was ineffective; and (4) the evidence was insufficient to support the convictions. We affirm.

**I.    BACKGROUND**

This is a memorandum opinion, and the parties are familiar with the facts and procedural posture. As such, we summarily set forth only the pertinent facts. At approximately 1:20 a.m., Carlsbad Police officers were dispatched to an apartment complex in response to a report of a disturbance. Testimony at trial was that when the officers encountered Defendant at the apartment complex, and during his subsequent arrest, Defendant, who appeared intoxicated, and smelled of alcohol, refused to obey the officers; was loud, angry, and cursed and threatened the officers; spit on one of the officer's sleeves; and kicked one of the officers.

**II.    ANALYSIS**

We first address Defendant's contention that gang testimony was improperly admitted at trial. In a bench conference prior to opening statements on the first day of trial, Defendant asked that no questioning be permitted on the issue of Defendant's association with the gang Sick Minded Gangsters, arguing that evidence of Defendant's association with the gang was more prejudicial than it was probative of whether he committed the crimes with which he had been charged. The State responded that this evidence was probative of Defendant's intent to commit the charged crimes, insofar as this gang was known to be highly disrespectful of police officers. The district court agreed and ruled that the State could introduce the evidence to show Defendant's intent.

During the State's case, Officer Jesse Rodriguez testified that Defendant had shouted that he would "put it on Sur" while he was being arrested. The State asked if he was familiar with the phrase and Officer Rodriguez responded that he believed that "Sur stands for Southern United Raza, which is an identified gang, and I took it to mean equivalent to, what most people would refer to as, 'I swear to God, I'll see you again.'" Defendant made no objection to this testimony.

Before the second day of trial began, Defendant made three motions in limine, one of which asked that the State be prohibited from questioning witnesses about Defendant's and his family's involvement with Sick Minded Gangsters "or regarding

any kind of so-called gang affiliation[.]" The district court responded, "[t]he court has previously ruled on SMG" that "if [Defendant] is making statements indicating he's SMG at the time . . . that goes to intent, and the court has already ruled on that, and we'll go forward," and that "if [the State] can tie [the testimony] to a gang . . . then it can come in on intent. If not, it doesn't come in. . . . We will deal with it at that point in time." Defendant's motions did not address the testimony already given by Officer Rodriguez concerning Defendant's statement "put it on Sur" and what this statement meant to him. During Defendant's subsequent testimony, the State questioned Defendant about the "put it on Sur" statement, and Defendant denied making the statement, adding that he did not know what it meant, although he had heard the phrase before. Again, Defendant did not object to these questions at trial.

Defendant contends that the district court abused its discretion when it admitted the testimony of Officer Jesse Rodriguez regarding the "put it on Sur" statement and Officer Rodriguez's understanding of its meaning. The State argues, without a response from Defendant, that this issue was not preserved for review by this Court. We agree with the State.

In order to preserve an issue for appeal, the defendant must make a timely objection that apprises the district court of the nature of the claimed error and invokes an intelligent ruling thereon. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M.

4

454, 993 P.2d 1280. The objection must be specific enough to properly alert the district court of the alleged error. *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 11, 143 N.M. 455, 176 P.3d 1187 (holding that the defendant's general objection as to relevancy and admissibility of the officer's testimony regarding the field sobriety tests was insufficient to alert the district court to the argument on appeal that the field sobriety tests were not administered or interpreted according to the standards of the National Highway Transportation Safety Administration).

In this case, while a portion of the recording of Defendant's motion in limine is inaudible, the parties agree that defense counsel sought to prohibit any questioning regarding Defendant's association with the Sick Minded Gangsters and that the district court ruled that any evidence of Defendant's affiliation could be introduced as evidence of his intent to commit the charged crimes. The testimony concerning "put it on Sur" and Officer Rodriguez's interpretation of what it meant did not inject Defendant's alleged membership in a gang called Sick Minded Gangsters into the trial, and Defendant did not object to the testimony when it was elicited. Further, at no time in the trial was Defendant's alleged membership in a gang called Sick Minded Gangsters introduced into evidence. By not objecting to the testimony regarding the "put it on Sur" statement during trial, Defendant waived the issue for appellate review. "This Court reviews evidentiary issues only when a timely objection at trial alerts the

mind of the trial judge to the error, allowing the judge to rule intelligently on the matter and correct potential mistakes." *State v. Phillips*, 2000-NMCA-028, ¶ 18, 128 N.M. 777, 999 P.2d 421.

We address Defendant's second and third arguments together, because they both relate to the testimony of Ms. Granger who, together, with her children, lived with Defendant on the evening of the incident. Her testimony that the officers were rude and cursed at her was impeached by a tape recording made by one of the officers. Defense counsel first objected to admission of the recording because he was unaware of the recording, but learned that a copy of the recording had been disclosed to Defendant's prior counsel. Defendant filed a motion for new trial asserting that an insufficient showing was made that the recording was made at the time of the incident, and it may have been made on a different day, in a different context. The motion was denied.

Defendant argues that reversible error was committed because the district court abused its discretion when it denied his motion for a new trial and that the case should be remanded for an evidentiary hearing to inquire into the effectiveness of trial counsel. Defendant asserts trial counsel was ineffective in failing to review the recording before it was used to impeach Ms. Granger because, "[h]ad the tape been reviewed, its authenticity could have been challenged." Both issues are presented to

6

us pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967) and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985).

A motion for new trial is not favored, and we will only reverse a district court ruling upon a showing that the district court abused its discretion. *State v. Curry*, 2002-NMCA-092, ¶ 18, 132 N.M. 602, 52 P.3d 974. We agree with the State that since Defendant presented no evidence in support of the assertion that the recording might not have been made during the incident, the district court did not abuse its discretion in denying Defendant's motion for a new trial. A naked assertion by counsel is not evidence. *State v. Powers*, 111 N.M. 10, 12, 800 P.2d 1067, 1069 (Ct. App. 1990). The claim of ineffective assistance of counsel also fails, largely for the same reason. When the record does not contain all the facts necessary for a full determination of the claim, it is more properly brought through a habeas corpus petition. *State v. Dylan J.*, 2009-NMCA-027, ¶ 39, 145 N.M. 719, 204 P.3d 44. As we have already noted, we have no evidence in this record that the tape recording was not made during the incident, and since a habeas corpus proceeding is the preferred procedure for adjudicating an ineffective assistance of counsel claim, *id.* ¶ 41, we do not order a remand. However, this is without prejudice to Defendant initiating an appropriate habeas corpus proceeding.

This brings us to Defendant's final contention, that the evidence was insufficient to support his convictions. This argument is also presented to us pursuant to *Franklin* and *Boyer.* "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

Defendant only makes a generalized claim that the evidence was insufficient to support any of his convictions. The most specific argument he makes is the suggestion that the evidence does not support a finding that Defendant's conduct was illegal under Section 30-22-24(A). *See State v. Padilla*, 1997-NMSC-022, ¶ 2, 123 N.M. 216, 937 P.2d 492 (holding that Section 30-22-24(A) "includes as unlawful only those acts that physically injure officers, that actually harm officers by jeopardizing their safety, or that meaningfully challenge their authority"). The jury was instructed that to find Defendant guilty of battery upon a peace officer, it was required to find that Defendant's conduct "caused a meaningful challenge to the authority of Sergeant Brad Rodriguez." We have reviewed the evidence presented at trial and summarized it above. Viewing that evidence as we must, we conclude that there was sufficient evidence to support Defendant's conviction for battery upon a peace officer as well as his remaining convictions.

**III.  CONCLUSION**

Defendant's convictions are affirmed.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**