This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                        **NO. A-1-CA-36276**

**AMBER L. GIBSON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant appeals from her conviction for receiving stolen property. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion and affirm.

{2}     We will begin with the issue originally raised in the docketing statement, by which Defendant advanced a claim of ineffective assistance of counsel. [DS 3] Given the lack of any specific indication of deficient performance or prejudice to the defense, we proposed to summarily reject the claim. [CN 2] In her memorandum in opposition Defendant encourages the Court to treat the issue as inadequately developed and to reject the docketing statement on that basis. [MIO 1-2, 13-14] We decline to do so. Although Defendant unquestionably has the right to effective assistance of counsel in relation to the preparation of the docketing statement, trial counsel is not required either to overstate arguments or to create issues from whole cloth. *See generally State v. Boyer*, 1985-NMCA-029, ¶¶ 16-24, 103 N.M. 655, 712 P.2d 1 (acknowledging that criminal defendants have a constitutional right to effective assistance of counsel on appeal, describing limitations on the extent of counsel's obligations when counsel believes that the appeal is frivolous, and concluding that while "[c]ounsel should raise and argue with vigor any issues that, in counsel's

judgment, merit such treatment," other issues are properly presented pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982). In this case, the docketing statement reflects that trial counsel pursued the appeal and drafted the docketing statement in conformity with *Franklin*/*Boyer*. [DS 3-4] Rejection of the docketing statement is not warranted under such circumstances. Instead, we simply conclude that the record before us is insufficient to establish a prima facie case of ineffective assistance of counsel, and we therefore reject the claim without prejudice to Defendant's ability to pursue habeas proceedings on this issue. *See generally State v. Martinez,* 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (expressing a preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel).

{3}     We turn next to the motion to amend the docketing statement, by which Defendant seeks to advance two additional issues. [MIO 2]

{4}     First, Defendant challenges the sufficiency of the evidence. [MIO7-11] To support a conviction in this case, the State was required to prove that on or about June 26, 2016, Defendant kept tires and a projector television that had been stolen by another, that at the time that Defendant kept the property she knew or believed it had been stolen, and that the property had a market value of over $500. [RP 134] *See generally* NMSA 1978, § 30-16-11(A), (F) (2006); UJI 14-1650 NMRA; *State v.*

3

*Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

{5}     In satisfaction of its burden the State first called the property owner, who testified that his residence at 68 Saddle was burglarized. [RP 149-50] He identified items that had been stolen, including a projector television which he valued at $900, and four tires which he valued at $35 to $75 each. [RP 149-50] Next, the State called neighbors, who testified that they saw a red pickup drive from 69 Saddle to 68 Saddle, they saw items taken from 68 Saddle including a television and a set of tires, they saw the items being placed in the bed of the red truck, and then they saw the truck return to 69 Saddle. [RP 150] Additionally, one of these neighbors positively identified Defendant as a resident of 69 Saddle. [RP 151] Finally, the State called a law enforcement officer who testified that on June 26, 2016, he was dispatched to 68 Saddle. [RP 151] In the course of the investigation he spoke with the aforementioned neighbors, and then proceeded to 69 Saddle. [RP 151] He promptly found the tires in the back of the a pickup truck, and then he entered the house, where he found the television in a back room occupied by Defendant. [RP 151-52] The officer further testified that Defendant took the initiative in responding to questioning regarding the stolen items, and although she denied taking part in the burglary itself, she acknowledged that the television had been taken from 68 Saddle. [RP 152]

4

**{6}** Viewing the evidence in the light most favorable to the verdict, we conclude that the State presented adequate support for each of the elements of the offense. *See generally State v. Archuleta*, 2012-NMCA-007, ¶ 15, 269 P.3d 924 (observing that on appeal, "we view the evidence in the light most favorable to the verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict"). The owner's testimony to the theft of the items and their value, the neighbors' eyewitness accounts, the officer's discovery of the items at Defendant's residence, and Defendant's explicit acknowledgment that the items had been taken from the burglarized neighboring property, provide ample direct and circumstantial evidence that Defendant kept the items with a value in excess of $500, with the knowledge that the items were stolen.

**{7}** Defendant contends that the owner's testimony about the value of the television set should be deemed insufficiently clear or compelling to support a valuation over $500. [MIO 7-9] In this regard Defendant focuses on the owner's acknowledgment that it might have garnered less at a garage sale and that he didn't "know" the value of the television set. [MIO 4, 7-8, 10-11] However, it was for the jury to weigh the effect of these expressions of uncertainty. *See generally State v. Sena*, 2008-NMSC-053, ¶ 11, 144 N.M. 821, 192 P.3d 1198 (observing that it is the exclusive province of the jury to resolve any inconsistencies or ambiguities in the testimony of a witness). Ultimately, insofar as the owner clearly and repeatedly

5

expressed is opinion as to the $900 value of the television, [RP 149-50] the verdict is supported. *See Archuleta*, 2012-NMCA-007, ¶ 17 ("It is well settled that an owner of personal property may testify concerning the value of the property and that such testimony is sufficient to support a jury's determination of value.").

{8}     Defendant further argues that the State failed to establish that she "kept" the stolen items. [MIO 5, 9-10] In this context, proof was required that Defendant knew what the object was, knew that the object was in her presence, and that she exercised control over it. *See State v. Sizemore*, 1993-NMCA-079, ¶ 5, 115 N.M. 753, 858 P.2d 420. In this case, as previously described, the evidence established Defendant's residency at 69 Saddle, her physical occupancy of the portion of the home where the television was located, her principal responsiveness to questioning about the stolen items, and her clear acknowledgment that the television had been taken from 68 Saddle. We conclude that these circumstances are sufficient to support rational inferences of knowledge and control. *See generally State v. Jimenez*, 2017-NMCA-039, ¶ 48, 392 P.3d 668 (observing that, whether actual or constructive possession is concerned, the requisite knowledge and control may be established through circumstantial evidence). In so deciding, we reject the suggested analogy to *Sizemore*, [MIO 7-9] because the circumstantial evidence was more compelling than the situation presented in that case, where the defendant was only briefly in proximity to the stolen items, without any evidence of actual knowledge. *See Sizemore*, 1993-

6

NMCA-079, ¶¶ 8-15. We further note that the presence of Defendant's boyfriend does not require a different result. *See State v. Phillips*, 2000-NMCA-028, ¶¶ 8-15, 128 N.M. 777, 999 P.2d 421 (indicating that even if the defendant was not in exclusive possession of the premises where contraband is located, the "accused's own conduct may afford sufficient additional circumstances" from which the jury can infer knowledge and control over materials in the room, and ultimately holding that circumstantial evidence, including the defendant's incriminating statements, was sufficient to establish possession); *and see generally* UJI 14-130 NMRA ("Two or more people can have possession of an object at the same time."). We therefore reject Defendant's assertion that the State failed to establish that she "kept" the stolen items. [MIO 7-10]

**{9}** Finally, we turn to the jury instruction issue, by which Defendant challenges the district court's failure to include a definitional instruction on possession. [MIO 11-13] Because Defendant did not raise this argument below, we review only for fundamental error. *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633.

**{10}** In this case the jury was instructed, pursuant to UJI 14-1650, that guilt depended on the State having proved beyond a reasonable doubt that, among other things, Defendant "kept" property when she knew or believed it to have been stolen. [RP 134] No definition of possession was given. This appears to have been in conformity with the dictates of UJI 14-1650, which provides that supplemental

7

instruction on possession is only required if the State is pursuing a conviction based upon the alternative theory of "acquiring possession" of stolen property. *See* UJI 14-1650, fn 3, Use Note 3 (indicating that where the State contends that the defendant committed the offense by acquiring possession of stolen property, and if possession is in issue, UJI 14-130 should be given); *see generally Sanchez v. State*, 1982-NMSC-012, ¶ 4, 97 N.M. 445, 640 P.2d 1325 (observing that a person may commit this offense by receiving, retaining, or disposing of stolen property; proof of any one of these methods is sufficient to sustain a conviction). Nevertheless, we acknowledge that under the alternative pursued in this case, possession is implicit. *See Sizemore*, 1993-NMCA-079, ¶ 5. Accordingly, we will assume that supplemental instruction on possession could be appropriate in a case such as this, "if possession is in issue." UJI 14-1650, Use Note 3.

{11} We understand Defendant to contend that possession was in issue in this case, insofar as possession is fundamental to the essential element of "keeping" stolen property. [MIO 11-13] However, if the use note was interpreted in this fashion, supplemental instruction on possession would be required in every case involving the acquisition or retention of stolen property. The conditional nature of the use note clearly reflects that this is not the case. To the contrary, our authorities reflect that possession is "in issue" if it is disputed. *See, e.g.*, *Barber*, 2004-NMSC-019, ¶¶ 10-12 (observing that possession was "in issue" where the defendant expressly denied

8

possession). In this case, however, Defendant did not deny possession of the stolen items. And as described above, evidence consistent with Defendant's possession of those items was clearly presented. Under the circumstances, we conclude that the failure to provide supplemental instruction on the definition of possession did not constitute fundamental error. *See, e.g.*, *id.* ¶¶ 1, 26, 32 (holding that it was not fundamental error to fail to give the definitional instruction for possession, because a "missing definition of possession does not implicate a critical determination akin to a missing elements instruction" (internal quotation marks and citation omitted) and because, under the circumstances, the missing instruction could not be said to have created confusion in the jury that would "undermine the reliability of the verdict and the integrity of our judicial system").

{12}    Accordingly, we conclude that the issues Defendant seeks to raise by her motion to amend are not viable. We therefore deny the motion. *See, e.g.*, *State v. Powers*, 1990-NMCA-108, ¶ 8, 111 N.M. 10, 800 P.2d 1067 (illustrating that we deny motions to amend that are not viable). And for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{13}    **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

9

WE CONCUR:

_____

**LINDA M. VANZI, Chief Judge**


_____

**MICHAEL E. VIGIL, Judge**