This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. A-1-CA-37064**

**SEAN ANTHONY FEURTADO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Sean Anthony Feurtado appeals from convictions for tampering with evidence, robbery, false imprisonment, possession of a stolen motor vehicle, and

aggravated fleeing a law enforcement officer. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion and affirm.

{2}     We will begin with the issue originally raised in the docketing statement and renewed in the memorandum in opposition, by which Defendant challenges the sufficiency of the evidence. [MIO 5-14] Because we previously set forth the relevant background information in the notice of proposed summary disposition, we will not reiterate at length here. Instead, we will focus on the specific contentions articulated in the memorandum in opposition.

{3}     With respect to the conviction for tampering with evidence, Defendant contends that the officer's testimony that he saw a license plate being thrown from the vehicle that Defendant was driving in his attempt to flee, and the officer's subsequent recovery of the discarded plate, should be deemed insufficient because the State failed to affirmatively establish that he was attempting to avoid apprehension, prosecution, or conviction. [MIO 6-7] We disagree. Specific intent may properly be inferred from an overt act; and in this case, Defendant's act of discarding the license plate while fleeing supplies a rational basis for such an inference of specific intent. *See State v. Sanchez*, 2015-NMCA-077, ¶¶ 13-14, 17, 355 P.3d 51 (noting that in this context,

intent is often inferred from overt acts, and holding that the defendant's act of throwing evidence out the window of a moving vehicle supported the requisite inference of specific intent).

{4}     With respect to the convictions for robbery and false imprisonment, Defendant challenges the sufficiency of the evidence on grounds that one of the two victims was unable to identify him in court, and on grounds that the other victim did not testify. [MIO 8-10] However, as previously described, [CN 2-3, 5-6; MIO 3-4] the victims' previous identification of Defendant through a photo array, together with the testimony of the police officers who apprehended Defendant and recovered the stolen vehicle was sufficient to established Defendant's identity as the perpetrator. Additionally, Defendant's use of force to confine the victims and to take the specified items from them was established in the course of one of the victim's testimony, and also by rational inference from the circumstantial evidence. *See generally State v. Cobrera*, 2013-NMSC-012, ¶ 7, 300 P.3d 729 ("In reviewing the sufficiency of evidence used to support a conviction, we resolve all disputed facts in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." (internal quotation marks and citation omitted)).

**{5}** With respect to the conviction for possession of a stolen motor vehicle, Defendant contends that the evidence was insufficient to establish that he knew the truck that he was trying to start was stolen. [MIO 12-14] However, the jury could properly have inferred the requisite knowledge from the circumstantial evidence, including Defendant's conduct. *See, e.g., State v. Wise*, 1973-NMCA-138, ¶ 6, 85 N.M. 640, 515 P.2d 644 (upholding the sufficiency of the evidence to support a conviction based on the defendant's possession of a stolen vehicle, and indicating that circumstantial evidence may establish knowledge).

**{6}** Finally, with respect to the conviction for aggravated fleeing a law enforcement officer, Defendant contends that the State failed to prove that he actually endangered anyone in the course of the chase. [MIO 11-12] However, as we previously observed, [CN 7] the officers' testimony describing Defendant's reckless driving through a residential area, together with his act of driving the wrong way down a state highway at a time when there was moderate traffic, adequately supports the verdict. *See, e.g., State v. Coleman*, 2011-NMCA-087, ¶¶ 20-22, 150 N.M. 622, 264 P.3d 523 (holding that conviction for aggravated fleeing was supported by similar evidence). Further evidence of endangerment of specific pedestrians or motorists was not required.

4

{7}     We turn next to the motion to amend the docketing statement, by which Defendant contends that he was denied a fair trial, based upon the arresting officer's comment upon his invocation of the right to counsel. [MIO 14-17]

{8}     Generally, "eliciting testimony . . . on a defendant's exercise of his or her right to counsel is reversible error." *State v. McDowell*, 2018-NMSC-008, ¶ 5, 411 P.3d 337. However, because Defendant did not object below, [MIO 1] we review only for fundamental error. *Id.* ¶¶ 7, 18.

{9}     "Fundamental error requires the defendant to show a reasonable probability that the error was a significant factor in the jury's deliberations relative to the other evidence before them." *Id.* ¶ 18. (internal quotation marks and citation omitted). "We must evaluate the prejudicial effect of the testimony and the quantum of evidence against Defendant. If the prejudicial effect is minimal and the evidence of the defendant's guilt overwhelming, the error does not rise to the level of fundamental error." *Id.*

{10}     In this case, it is reasonably evident that the officer's brief, isolated, and apparently unsolicited reference to Defendant's request for counsel had only limited prejudicial effect, particularly in light of the jury's critical evaluation of the evidence and acquittals on some of the counts. [DS 4, 7; MIO 4, 16] *See, e.g., State v. Wildgrube*, 2003-NMCA-108, ¶¶ 31-33, 134 N.M. 262, 75 P.3d 862 (observing that

acquittal on one or more charges indicated that the prosecutor's questioning about the defendant's invocation of the right to counsel did not undermine the jury's ability to view the evidence fairly). Moreover, as previously described, [CN 2-3; MIO 3-4] the evidence of Defendant's guilt was overwhelming. Under the circumstances, the improper comment cannot be said to rise to the level of fundamental error.

{11}     Accordingly, we conclude that the issue Defendant seeks to raise by his motion to amend is not viable. We therefore deny the motion. *See, e.g,, State v. Powers*, 1990-NMCA-108, ¶ 8, 111 N.M. 10, 800 P.2d 1067 (illustrating that we deny motions to amend that are not viable).

{12}     And for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{13}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**STEPHEN G. FRENCH, Judge**

6

_____

**HENRY M. BOHNHOFF, Judge**