This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39231

STATE OF NEW MEXICO,

 Plaintiff-Appellee,

v.

CHRISTINA CLAYTON,

 Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Angie K. Schneider, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

{1} Defendant, Christina Clayton, appeals from the district court's order denying her motion for reconsideration of sentence. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition and motion to amend the docketing statement. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore, affirm the district court.

**{2}**     In her docketing statement, Defendant raised issues challenging the district court's determination she had two usable prior felonies under the habitual offender statute. Defendant also argued that she received ineffective assistance of counsel on several bases, that the district court incorrectly construed her motion for reconsideration as a habeas petition, and that her plea was not knowing, intelligent, and voluntary. [DS 19-20] Defendant has not responded to our notice of proposed summary affirmance on these issues in her memorandum in opposition. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

**{3}**     Instead, Defendant argues for the first time that she received ineffective assistance of counsel because the district court stated that it would grant her motion for a reduction in sentence, but her attorney never prepared the order reflecting this after being instructed to do so by the district court. [MIO 3-6; RP 173-175] As this issue was not raised in Defendant's docketing statement, we will construe its inclusion in the memorandum in opposition as a motion to amend the docketing statement. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon "good cause shown"). The essential requirements to show good cause for amendment to an appellant's docketing statement are (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{4}**     To establish a prima facie case of ineffective assistance of counsel, Defendant must demonstrate: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

**{5}**     On September 21, 2018, Defendant entered a guilty plea, and on February 22, 2019, the district court entered its judgment and sentence, sentencing Defendant to eighteen years in prison. [RP 86, 105] On May 10, 2019, Defendant filed a motion to reconsider to modify sentence, in which she argued in part that the sentence should be reduced to twelve years imprisonment with the balance suspended. [RP 112-116] *See* Rule 5-801 NMRA (governing motions for reduction of sentence filed within ninety days of the judgment and sentence). At a hearing on the motion held on February 7, 2020, the district court orally granted the motion and gave defense counsel one week in which to prepare an order reflecting the sentence reduction. [RP 173-175, MIO 2] However, there is no indication in the record that such an order was ever submitted to the district court.

**{6}**     On June 25, 2020, the district court entered a written order in which it denied the motion for reduction of sentence. In its order, the district court found: (1) the motion for reduction of sentence was an improperly filed petition under Rule 5-802 NMRA; (2)

Defendant's conditional discharges were necessarily revoked when the district court sentenced her to the balance of her sentence in the Department of Corrections; and (3) the sentence imposed by the district court in February 2019 was lawful. [RP 157]

**{7}** Defendant argues that her attorney's apparent failure to file an order reflecting the district court's oral grant of a sentence reduction at the February 7, 2020 hearing, constitutes a prima facie case of ineffective assistance of counsel. [MIO 3-5] Defendant asserts that the failure to file the order as instructed was unreasonable and cannot be explained by any plausible or rational strategy and that had her attorneys filed the order as instructed, the outcome of the proceeding would have been different. [MIO 5-6] Defendant argues that this case should therefore be remanded to the district court for a hearing at which her attorneys can present an order for a sentence reduction and determine whether the district court judge agrees or not. [MIO 6-7]

**{8}** We first note that the general rule in New Mexico is that an oral ruling by a trial court is not final and, with only limited exceptions, it is not binding. *See State v. Diaz*, 1983-NMSC-090, ¶ 4, 100 N.M. 524, 673 P.2d 501 ("It is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time before the entry of written judgment."); *State v. Rushing*, 1985-NMCA-091, ¶ 6, 103 N.M. 333, 706 P.2d 875 ("An oral pronouncement is not a final judgment and is subject to change until reduced to writing."). In this case, the tape logs reflect that the district court made an oral ruling indicating an intention to reduce Defendant's sentence, but the record is not clear as to why that did not happen. Defendant asserts that it is because trial counsel failed to timely submit a written order and speculates that the district court must have forgotten about her earlier ruling when entering the written order denying the motion for reconsideration of sentence. [MIO 2-3, 5] However, the reason for the district court's apparent change of mind is not in the record, and in considering Defendant's claim of ineffective assistance of counsel, we cannot speculate as to the reason the district court judge ultimately denied the motion for reduction of sentence. We therefore cannot say that Defendant would have received a lesser sentence had counsel timely prepared the order on this record.

**{9}** Accordingly, we determine that Defendant failed to establish a prima facie case of ineffective assistance of counsel on this record, and the appropriate manner of pursuing Defendant's claim for ineffective assistance of counsel is in a collateral proceeding. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (holding that without a record on appeal, this Court cannot consider claims of ineffective assistance of counsel, and the proper avenue of relief is a post-conviction proceeding). We therefore deny the motion to amend the docketing statement and affirm the district court for these reasons stated on our notice of proposed disposition and herein. *See State v. Powers*, 1990-NMCA-108, ¶ 8, 111 N.M. 10, 800 P.2d 1067 (denying a motion to amend the docketing statement to raise issues of ineffective assistance of counsel where the issues were not viable).

**{10}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**